UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-645-MOC-DSC

| | |
|---|---|
| ROBERT RIPLEY, pro se, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ATHANASIA PAPASTARVOU, pro se, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion, following Defendant's removal of this action to this court from state court.

Pro se Plaintiff Robert Ripley filed this action in small claims court in Union County District Court, North Carolina, against the pro se Defendant Athanasia Papastarvou. Plaintiff filed this action as a "Complaint for Money Owed," seeking to recover $7500 from pro se Defendant. Both parties are North Carolina residents. On November 26, 2019, Defendant removed the action to this Court, citing 28 U.S.C. § 1331 as the grounds for subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Jurisdiction is proper in federal court under either "federal question" jurisdiction, as set forth in 28 U.S.C. § 1331, or under "diversity jurisdiction," as set forth in 28 U.S.C. § 1332. Federal question jurisdiction exists over all civil actions that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under the Constitution, laws, or treaties of the United States," this Court applies the well-pleaded

complaint rule, "which holds that courts 'ordinarily ... look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). Next, under "diversity jurisdiction," as set forth in 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

It is clear from examining the face of the Complaint that this action is simply a claim for money owed in small claims court in Union County, North Carolina. Furthermore, both parties reside in North Carolina, and the amount in controversy is not more than $75,000. Thus, neither "federal question" jurisdiction under 28 U.S.C. § 1331, nor "diversity jurisdiction" under 28 U.S.C. § 1332, exist in this case.

**IT IS THEREFORE ORDERED** that this action is remanded to state court.

Signed: April 15, 2020

*(signature)*
Max O. Cogburn Jr.
United States District Judge